HOLMES, Judge.
This is a termination of parental rights case.
Following an ore tenus hearing, the Juvenile Court of Shelby County ordered the termination of parental rights of Annie Moore Harris in her eleven-year-old daughter, Kamala Renee Moore. Permanent legal custody of Kamala was vested in the Alabama Department of Human Resources (Department). The Department was also given the authority to place the child for adoption.
The mother appeals. We affirm.
The dispositive issue on appeal is whether there existed clear and convincing evidence which supported the trial court’s decision to terminate the mother’s parental rights based on its determination that the child was dependent and that there were no less drastic alternatives which would be in the child’s best interests. Fortenberry v. Alabama Department of Pensions & Security, 479 So.2d 54 (Ala.Civ.App.1985).
When the trial court has heard the evidence, its judgment is presumed correct and will not be set aside on appeal unless it is so unsupported by the evidence as to be plainly and palpably wrong. In the Matter of Moore, 470 So.2d 1269 (Ala.Civ.App.1985). In the present case there is clear and convincing evidence which supports the trial court’s order.
*509 The record reveals, in pertinent part, that eleven-year-old Kamala has been in foster care for six years of her life (September 1976 through November 1978 and August 1982 to the present). The record further reveals that, during this second period of foster care, the mother has made no effort to contribute any support for the child. Additionally, she failed to visit with Kama-la or even inquire about her. Prior to this proceeding in early 1986, the last time the mother contacted the Department was August 1984.
The mother testified at the hearing. She indicated that she was living with Ms. Na-thalie Moore, her mother and Kamala’s maternal grandmother. The mother’s tes’timo-ny further revealed that she was unable to work because of a nervous condition and that her only income is Supplemental Security Income (S.S.I.) and social security disability benefits due to her mental disability. The mother’s impairment is such that it is necessary for her benefit checks to be made out to the maternal grandmother, who handles all of the mother’s finances. The evidence also indicated that the mother is currently under psychiatric care and that it is necessary for her to take medication for her condition twice a day.
The record also revealed that in 1979 the mother was charged with assault with intent to murder. She testified that she spent seven days in jail, but she could not remember if she were convicted on the charge.
Even though the mother manifested an interest in Kamala a few months prior to this hearing, her past conduct does not demonstrate an ability or desire to maintain a relationship with Kamala. The mother has demonstrated no effort toward self-rehabilitation despite the fact that in March 1984 she entered an agreement with the Department which outlines a plan to achieve the return of Kamala.
The record reveals that the Department did search for suitable relative resources for placement. The state of New York refused to approve placement of Kamala with either the putative father or the paternal aunt. The paternal grandparents have had no contact with Kamala in several years. The maternal grandmother is in ill health, and her only source of income is public assistance. Additionally, she has shown little or no interest in Kamala’s situation in recent years.
Margaret Thornburg, a Department caseworker, also testified at the hearing. She indicated that permanent placement would be in Kamala’s best interests and that the best option for that was adoption.
In view of the above, there was clear and convincing evidence that termination of the mother’s parental rights would be in the child’s best interests. Brown v. Alabama Department of Pensions & Security, 473 So.2d 533 (Ala.Civ.App.1985).
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J. concur.